REGAN, Judge.
The plaintiffs, John A. Pittman, as administrator of the estates of his minor children, Lana Jean Pittman and Glenda Fay Pittman, and his wife, Gladys Estess Pittman, instituted this suit against the defendants, Lincoln Louque and Allstate Insurance Company, the liability insurer of John A. Pittman, endeavoring to recover the sum of $190,000.00, representing damages for personal injuries incurred by the Pittman children and by Mrs. Pittman as the result of an automobile accident which they assert was caused by the joint negligence of Louque and Pittman in the operation of their respective motor vehicles.
The defendant, Allstate Insurance Company, answered the foregoing petition and asserted that the collision was caused entirely by Louque, and in the alternative pleaded the contributory negligence of all of the plaintiffs. In addition thereto, this defendant filed a third party petition requesting the rendition of a judgment against Louque in an amount equal to any judgment which may be rendered against it in favor of the plaintiffs.
The defendant, Louque, answered and denied the accusations of negligence asserted in the plaintiffs’ petition and in Allstate’s third party petition. He also filed a reconventional demand and/or third party petition against Pittman and Allstate Insurance Company seeking to recover the sum of $26,200.00, representing bodily injuries and property damage incurred by him as a result of the collision.
After a trial on the merits, a judgment was rendered against Louque in the amount of $7,500.00 for the benefit of Gladys Es-tess Pittman, $2,000.00 for Glenda Fay Pittman, and $1,000.00 for Lana Jean Pittman. The judgment also dismissed the plaintiffs’ suit against Allstate Insurance Company.
From the foregoing judgment the plaintiffs have prosecuted this appeal.
The record reveals that shortly after midnight on the morning of August 28, 1962, John A. Pittman, the insured of Allstate Insurance Company, was driving *429 towards New Orleans in the Airline Highway, at a speed of between 60 and 65 miles per hour.[1] His passengers consisted of his two minor daughters, Lana Pittman and Glenda Pittman, and his wife, Gladys Pittman, the other plaintiff herein.
The Airline Highway, at the situs of the accident, consists of two roadways which are divided by a cement neutral ground three to four feet wide and eight to ten inches high.
Simultaneously, a vehicle driven by the defendant, Louque, was moving at a speed of between 50 and 55 miles per hour in the direction of Baton Rouge, when it suddenly was driven across the neutral ground dividing the four-lane highway, bounced off the curbing thereof and proceeded on a 90° angle across the highway toward the shoulder thereof. In the meantime, Pittman saw the approach of the Louque vehicle and endeavored to avoid an impending head-on collision by steering his car to the shoulder of the right side of the highway. However, in view of the unexpected 90° turn taken by the Louque vehicle, a collision ensued in which the plaintiffs sustained the injuries which provoked this litigation.
Suffice it to say that there is no dispute as to the negligence of Louque in the operation of his vehicle. He admits that he had several drinks before the occurrence of the accident, and other evidence inscribed in the record fully substantiates his inebriated condition.
The only real dispute on appeal is focused upon the question of Pittman’s negligence vel non in the operation of his vehicle. The plaintiffs, in an effort to hold Allstate Insurance Company liable, insist that Pittman was negligent in that he failed to observe that the Louque automobile had crossed the neutral ground and was in obvious trouble when there existed sufficient time and distance between the vehicles to avoid the collision.
A fair evaluation of all of the evidence adduced herein preponderates to the effect that the Louque car was approximately 150 feet removed from the Pittman vehicle when it crossed the neutral ground.
Pittman, despite his rather obvious financial interest in being convicted of negligence, very honestly testified that there was not sufficient time or distance between the vehicles, when the emergency occurred, for him to avoid the accident. He related that the first time he observed the Louque vehicle it had already crossed the neutral ground and was moving directly toward him. In order to avoid a head-on collision, he turned his car toward the right shoulder of the road. However, when he did this, the Louque vehicle made an abrupt 90° turn toward the shoulder of the road, where the front of Pittman’s automobile collided with the right rear of the Louque vehicle.
This version of the accident is substantiated by the testimony of Louque, who asserted that he crossed the neutral ground, then drove to the right shoulder of the New Orleans-bound portion of the highway and weaved back to the neutral ground. When his wheels struck the curbing thereof, his automobile abruptly took a 90° turn to his left, causing him to move directly toward the shoulder of the road where the collision occurred.
The most comprehensive and understandable testimony adduced herein emanated from Donald Dean, who was driving in the right-hand lane about 150 feet in front of the Pittman vehicle. Dean related that Louque’s vehicle crossed the neutral ground but by quickly maneuvering further to the right he avoided a collision. He then observed Louque’s progress through his rear view mirror. He said that Louque careened to the shoulder of the road, swerved back and struck the *430 neutral ground, and turned sharply again toward the shoulder of the New Orleans-bound roadway, where the collision occurred.
The foregoing elucidation of the facts hereof, together with the whole tenor of the record, leads us to the inevitable conclusion that Pittman was confronted with an emergency caused by Louque. The jurisprudential rule is well settled to the effect that one who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all of the circumstances or the best course of action that may be pursued in order to avoid an impending accident, is not guilty of negligence if he fails to adopt what subsequently upon reflection and meditation may appear to have been a safer course of action, unless the emergency in which he finds himself was caused by his own fault. In other words, under these factual circumstances, the rationale of the law does not require a choice unerring in the light of after events; it requires such a choice as, under all the known or obvious circumstances, a reasonably prudent individual might make. We are convinced that Pittman’s course of action falls within this judicial category.
Plaintiff’s counsel, in conclusion, argues that Pittman was forewarned of trouble when he saw two other vehicles swerve to the shoulder of the Baton Rouge-bound side of the highway. However, as nebulous and as irrelevant as this evidence is, the record reveals that if these two vehicles did engage in some unusual maneuvers in the Baton Rouge-bound roadway, they did so at about the same moment that the Louque vehicle crossed the neutral ground. Therefore, we are of the opinion that the plaintiffs hav'e failed to reveal the existence of a sufficiency of advance warning to Pittman of any impending danger.
Plaintiffs’ counsel concedes that since Louque is impecunious, there is no error in the amount of damages awarded by the trial judge in the event that we should conclude that Allstate Insurance Company is not liable in damages to the plaintiff, and of course we have so concluded. Therefore, we pretermit a discussion of the question of quantum of damages raised alternatively by the plaintiffs.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiffs are to pay all costs incurred herein.
Affirmed.

. It is conceded that both vehicles involved in the collision were driving within the speed limit.